**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| Ericka Tran Hunstad, | : |
| Plaintiff, | : **CASE NO.:** _____ |
| vs. | : |
| | : **COMPLAINT** |
| General Motors LLC, | : |
| Defendant. | : |

For this Complaint, the Plaintiff Ericka Tran Hunstad, by undersigned counsel, states as follows:

## PRELIMINARY STATEMENT

1.      This is an action by the purchaser of a new 2022 Chevrolet Tahoe vehicle (hereafter the "subject vehicle") manufactured and sold by the Defendant General Motors LLC. Plaintiff seeks damages related to her vehicle's defects and Defendant's failure to honor the terms of its warranty.

2.      The Plaintiff would not have purchased the subject vehicle had she been made aware of the subject vehicle's defects.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.      This Court also has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental

jurisdiction as set forth in 28 U.S.C. § 1367.

5.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant is subject to personal jurisdiction in this District and where Defendant, as principal, directs and controls warranty repairs on covered vehicles through its agents consisting of a dealership network located in this District.

6.     Further, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

7.     Plaintiff Ericka Tran Hunstad was, at all relevant times, an adult individual who resides in North Las Vegas, Nevada, and who purchased the subject vehicle in Las Vegas, Nevada, which was manufactured or sold by Defendant. Plaintiff is a citizen of Nevada.

8.     Defendant General Motors LLC ("GM") is organized under the laws of Delaware with its principal place of business located at 1240 Woodward Avenue, Detroit, Michigan 48226.  At all relevant times, GM was engaged in the business of importing, assembling, marketing, distributing, and warranting GM automobiles in the State of Nevada and throughout the United States. Defendant GM LLC is a Delaware limited liability company. Its sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Upon information and belief, complete diversity exists between the parties.

2

**FACTUAL ALLEGATIONS**

9.      On April 29, 2022, Plaintiff purchased a new 2022 Chevrolet Tahoe Yukon equipped with the L87 6.2L V-8 engine, Vehicle Identification Number 1GNSKSKL8NR259285 (hereafter the "Vehicle") from Billion Chevrolet, an authorized GM dealership in Sioux Falls, South Dakota (hereinafter "Billion Chevrolet"), for personal use.

10.     The purchase price of the Vehicle exceeded $77,415.00, including options, fees, taxes, and other charges.

11.     Prior to purchasing the Vehicle, Plaintiff relied upon Defendant's representations regarding Defendant's New Vehicle Limited Warranty that accompanied the sale of the Vehicle, including the representation that Defendant would repair the Vehicle; these representations were material to Plaintiff's decision to purchase the Vehicle.

12.     Specifically, under its New Vehicle Limited Warranty, Defendant promised to repair or replace components found to be defective in material or workmanship during the 3-year / 36,000-mile following such vehicle delivery to consumer.  Additionally, Defendant promised to repair or replace the powertrain components, including the Vehicle's engine, found to be defective in material or workmanship during the 5-year / 60,000-mile following such vehicle delivery to consumer.

13.     On April 29, 2022, and following the execution of the Vehicle purchase documents, Plaintiff took delivery of the Vehicle.

14.     Since the time of Vehicle delivery to the present, the Vehicle has been out of service at least thirty-eight days because of the engine catastrophically failing twice.

3

15.     On May 28, 2024, Plaintiff brought the Vehicle to Hawkins Chevrolet, an authorized GM dealership in Fairmont, Minnesota ("Hawkins Chevrolet"), and complained the Vehicle's engine has lost all power while driving on interstate, and failed to restart.

16.     At the time the Vehicle's odometer read 24,948 miles.

17.     Hawkins Chevrolet verified the complaint, found the Vehicle's engine had seized, and performed a repair by replacing the Vehicle's engine and battery distribution fuse block.

18.     During this visit, the Vehicle was out of service for about twenty-four (24) days and ready for pick up on June 20, 2024.

19.     On June 13, 2025, Plaintiff brought the Vehicle to Sharp Automotive, an authorized GM dealership in Watertown, South Dakota ("Sharp Automotive"), and complained the Vehicle's engine had died while driving.

20.     At the time the Vehicle's odometer read 38,172 miles.

21.     Sharp Automotive verified the complaint and performed a repair by replacing the Vehicle's engine, oil cooler lines, radiator, and battery fuse block.

22.     During this visit, the Vehicle was out of service for about fourteen (14) days and ready for pick up on June 26, 2025.

23.     By a letter dated July 25, 2025, Plaintiff, through her counsel, sent a letter to Defendant advising it that her Vehicle suffered from the aforementioned defects and that Defendant failed to repair these defects within a reasonable time under Defendant's warranty, and demanded relief.

24.     The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

25.     Plaintiff provided the Defendant, or one or more of its authorized or franchised dealers, with reasonable opportunity to repair the problems with the Vehicle.

26.     The Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

### FIRST CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss
### Warranty Act, 15 U.S.C. §2301, *et seq.*

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

29.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

30.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

31.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

32.     15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

33.     Defendant has failed to remedy the subject vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the subject vehicle.

34.     As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.* and NV Rev. Stat. § 104.2314**

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Defendant is a merchant with respect to motor vehicles.

37.     The Vehicle was subject to implied warranty of merchantability, as defined in NV Rev. Stat. § 104.2314, running from the Defendant to the Plaintiff.

38.     An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

39.     Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

40.     Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered it.

41.     As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

**THIRD CAUSE OF ACTION**
**Breach of Express Warranty, NV Rev. Stat. § 104.2313**

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair

6

original components found to be defective in material or workmanship under normal use and maintenance, including the engine and its components.

44.     Plaintiff relied on Defendant's warranty when he agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

45.     Plaintiff submitted her vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to repair the defects under the Vehicle's warranty as described herein within a reasonable period of time.

46.     Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

47.     As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

48.     The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

49.     The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had she known, prior to the time of purchase , that the subject vehicle contained these defects.

50.     As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages.  Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicle, and a diminution in the value of the subject vehicle containing the defects identified herein.

**FOURTH CAUSE OF ACTION**
**Revocation of Acceptance, NV Rev. Stat. § 104.2608**

51.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

53.     After numerous opportunities by Defendant to cure, it has become apparent that said defects cannot be seasonably cured.

54.     The defects substantially impair the value of the Vehicle to the Plaintiff.

55.     By a letter dated July 25, 2025, the Plaintiff notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

56.     Defendant has nevertheless failed to make a good-faith response to this demand within thirty (30) days of their receipt.

57.     As a result of Defendant's conduct the Plaintiff has been damaged.

**FIFTH CAUSE OF ACTION**
**Breach of Nevada Deceptive Trade Practices Act, NRS 598.0903 *et seq.***

58.     The Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

59.     Plaintiff is a consumer who purchased a vehicle for personal, family, or household use in Nevada.

60.     At all relevant times, Defendant engaged in the sale, distribution, marketing, and servicing of motor vehicles in Nevada and therefore engaged in a sale or lease of goods or services within the meaning of NRS Chapter 598.

8

61. Nevada's Deceptive Trade Practices Act, NRS 598.0903 *et seq.*, prohibits deceptive trade practices in the course of business, including but not limited to knowingly making false representations in a transaction, failing to disclose material facts in connection with the sale of goods, representing that goods have characteristics, uses, or benefits that they do not have, and representing that goods are of a particular standard, quality, or grade if they are of another.

62. In the course of its business, Defendant knowingly and intentionally failed to disclose and actively concealed that the subject vehicles equipped with the 6.2L V8 engine suffer from a material defect. The defect exists in all or substantially all such vehicles and poses an unreasonable safety risk, exposes consumers to substantial repair costs, and materially diminishes the value of the vehicles.

63. Defendant's omissions and representations were material because a reasonable consumer would consider the existence of such defects important in deciding whether to purchase or lease the vehicle and at what price.

64. By marketing and selling the subject vehicles as reliable, safe, and of high quality while failing to disclose the known engine defect, Defendant committed deceptive trade practices under NRS 598.0915, including but not limited to:

    a. Representing that the vehicles have characteristics, uses, benefits, or qualities that they do not have;

    b. Representing that the vehicles are of a particular standard or quality when they are of another;

    c. Failing to disclose material facts in connection with the sale of goods; and

9

d.  Knowingly making false representations in a transaction.

65.     Defendant's deceptive trade practices were committed knowingly, as Defendant was aware of the defect through pre-sale testing, consumer complaints, warranty data, repair records, and other internal information, yet continued to market and sell said vehicles without disclosure.

66.     As a direct and proximate result of Defendant's deceptive trade practices, Plaintiff suffered actual damages, including but not limited to diminished vehicle value, out-of-pocket repair expenses, loss of use, and other economic losses.

67.     Plaintiff would not have purchased her vehicle, or would have paid substantially less for it, had Defendant disclosed the defect.

68.     Plaintiff is a victim of consumer fraud within the meaning of NRS 41.600 and is entitled to recover actual damages, equitable relief, costs, and reasonable attorneys' fees.

69.     Defendant's conduct was willful and knowing, warranting the imposition of all remedies permitted under Nevada law.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a.  An order approving revocation of acceptance of the subject vehicle;

b.  Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c.  Incidental and consequential damages;

d.  Punitive damages;

e.  Reasonable attorney's fees;

10

f.   Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 28, 2026

Respectfully submitted,

By:   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*